**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALLEN A. IZADPANAH,
Plaintiff-Appellant,

87 AIDANT LIMITED PARTNERSHIP;
FRED A. PAGE; TERRY PAGE;
DOUGLAS STUP; EARL M. CUNARD;
JANICE A. CUNARD; CRAFT
INDUSTRIES, for the Benefit of Rudy
Delsack,

Appellants,

v.

EDWARD GROSS; ROBERT A. HUMMEL;
FEDERAL COMPUTER CORPORATION;
CHARLES CROWE; AIDANT,
INCORPORATED,
Defendants-Appellees.

ALLEN A. IZADPANAH,
Plaintiff-Appellee,

v.

EDWARD GROSS; ROBERT A. HUMMEL;
CHARLES CROWE; AIDANT,

INCORPORATED,
Defendants-Appellants,

and

FEDERAL COMPUTER CORPORATION,
Defendant.

No. 95-1163

No. 95-1246

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-94-1150-A)

Argued: December 4, 1995

Decided: January 30, 1996

Before ERVIN, Chief Judge, and WIDENER
and WILKINS, Circuit Judges.

_____

Affirmed in part and remanded in part by unpublished per curiam
opinion.

_____

**COUNSEL**

**ARGUED:** William S. Burroughs, Jr., Alexandria, Virginia; Walter
Theodore Charlton, Arlington, Virginia, for Appellants. Edward
Gross, GROSS & ASSOCIATES, Fairfax, Virginia, for Appellees.
**ON BRIEF:** Joel A. DeBoe, Arlington, Virginia, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Allen A. Izadpanah brought suit against Edward Gross, Robert A.
Hummel, Aidant, Incorporated (Aidant), Federal Computer Corpora-
tion (FCC), and Charles Crowe (collectively, "Defendants"), seeking

to overturn a court-ordered sale of his stock in Aidant and to recover damages for an alleged fraud on a state court, violations of civil rights under 42 U.S.C.A. §§ 1983, 1985 (West 1994), violations of § 10 of the Securities Exchange Act of 1934, 15 U.S.C.A.§ 78j(b) (West 1981), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 (1995), and violations of Virginia securities laws. The district court granted summary judgment against Izadpanah on all claims, but it denied a motion by Defendants for sanctions. We affirm the grant of summary judgment against Izadpanah, but remand for reconsideration of sanctions.

I.

In May 1991, as a result of negotiations to settle an outstanding judgment against him as a guarantor of a debt owed by Aidant,[1] Izadpanah entered into a consent judgment in favor of Sirex USA, Incorporated (Sirex). After several unsuccessful collection attempts, Sirex executed documents transferring its rights in the judgment to FCC in July 1991. FCC filed a Motion to Turnover Property with the Fairfax County Circuit Court in August 1991, and the court ordered the sale of Izadpanah's stock in Aidant with the proceeds to be applied to the consent judgment. Izadpanah subsequently filed a motion to vacate the sale, arguing that the state court did not have jurisdiction over the stock. The state court rejected Izadpanah's argument, and the Supreme Court of Virginia affirmed.

Izadpanah then filed this action in the district court, asserting a conspiracy between Crowe, Hummel, and Gross, acting both individually and through Aidant and FCC, to deprive him of his stock in Aidant and to gain complete control of that company. He alleged that, as a part of this conspiracy, Defendants committed a fraud on the state court by inducing him to enter into the consent judgment without disclosing that FCC had actually purchased the rights to the judgment from Sirex prior to May 1991. He also argued that Defendants conspired to deprive him of his stock without due process of law and that

_____

[1] Crowe and Hummel were shareholders in Aidant and apparently controlled its board of directors. FCC--controlled by Hummel--was also a shareholder in Aidant. When the guaranty agreement was signed in 1988, Izadpanah was an officer and director of Aidant.

3

the court-ordered sale of his stock in Aidant violated federal and state securities laws. The district court granted summary judgment against Izadpanah on the grounds that it did not have jurisdiction to review decisions by state courts; that Izadpanah's civil rights and securities claims were barred by the applicable statutes of limitation; and, further, that all of the claims were precluded by Virginia principles of res judicata and collateral estoppel applied under the full faith and credit statute, 28 U.S.C.A. § 1738 (West 1994). The district court refused to impose sanctions against Izadpanah, however, finding that the action was not frivolous.

II.

On appeal, Izadpanah[2] concedes that the district court did not have jurisdiction to review the state court decision for fraud on the court.[3] He argues, however, that the district court improperly granted summary judgment in favor of Defendants on his claims under §§ 1983 and 1985 as well as § 78j(b) and Rule 10b-5. After carefully considering the arguments of counsel and reviewing the record, we affirm the grant of summary judgment for the reasons adequately stated by the district court in its memorandum opinion. Izadpanah v. Gross, No. 94-1150 (E.D. Va. Nov. 1, 1994).

_____

[2] Izadpanah assigned part of his rights to any judgment collected in this case to another entity, the 87 Aidant Limited Partnership. This partnership and several of its limited partners filed an application to intervene against Defendants below, see Fed. R. Civ. P. 24, but the district court granted summary judgment against Izadpanah before ruling on the application. The purported intervenors then filed a notice of appearance as intervenors with this court. Because the district court never ruled on the application to intervene, we treat the notice of appearance as a motion for leave to intervene and grant the motion. Since the intervenors merely have adopted the legal arguments advanced by Izadpanah, for ease of discussion we analyze the case by reference to the original parties.

[3] In his initial brief to this court, Izadpanah continued to argue that the district court had jurisdiction to review the state court decision for fraud. He abruptly withdrew this claim in his reply brief, however, stating, "Plaintiff has concluded that [this] argument is incorrect." Appellants/Cross-Appellees' Reply and Answering Brief at 2.

4

III.

On cross appeal, Defendants argue that the district court abused its discretion by refusing to order sanctions under Federal Rule of Civil Procedure 11. Generally, the decision to impose sanctions is within the broad discretion of the district court and will not be reversed on appeal absent an abuse of that discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). On appeal, however, Izadpanah conceded that his claim that a district court has jurisdiction to review a state court decision originated in a failure to properly consider District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), which precludes such review. Because the district court did not have the benefit of this concession, we remand this claim to the district court to determine whether sanctions should be imposed for bringing this cause of action.

AFFIRMED IN PART; REMANDED IN PART

5